IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO.    6:12-cr-00174-02

SAMUEL SHAE WHITE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is the determination pursuant to 18 U.S.C. § 3582(c)(2) as to whether Defendant is entitled to a sentence reduction based on a subsequent reduction in the applicable sentencing guideline. By its order entered on May 12, 2015, the Court designated Defendant for expedited consideration. The Court notes that Defendant received a downward departure at sentencing pursuant to a motion by the Government pursuant to U.S.S.G. § 5K1.1. (*See* ECF No. 121.) The Court also notes that the probation officer recommends that Defendant is eligible for a sentence reduction and the Government does not object to this recommendation. (*See* ECF No. 161.)

      However, if the Court finds that Defendant is entitled to a sentence reduction, the Court must then consider the appropriate method to calculate this reduction. "§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation." *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) (citations omitted). "Where a defendant's sentence was within the

guideline range applicable at the time of the original sentencing, 18 U.S.C. § 3582(c)(2) precludes a downward departure below the amended guideline range." *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010) (citation omitted). "On the other hand, where the original sentence falls below the original guideline range, § 3582(c)(2) does not preclude a downward departure below the amended guideline range." *Id.* In particular, the Guidelines provide the following statement regarding a departure during resentencing where the defendant received a reduction pursuant to U.S.S.G. § 5K1.1 at the time of sentencing:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (2014). To determine what constitutes a reduction that is "comparably less than the amended guideline range," the Court "may use a lower offense category, a percentage, . . . a flat number of months, . . . . or any other reasonable method that results in a comparable reduction." *Fennell*, 592 F.3d at 509; *see also United States v. Woodson*, 433 F. App'x 191, 193 (4th Cir. 2011) ("The determination of a 'comparably lower' sentence may be determined by using a lower offense category, a percentage, a flat number of months to calculate the reduction, or any other reasonable method." (citation omitted)).

Based on the Fourth Circuit's decision in *Fennell*, the Court may use one of the three methods specified by the *Fennell* court to calculate Defendant's sentence reduction. *See Fennell*, 592 F.3d at 509. The Court may also employ "any other reasonable method that results in a comparable reduction." *Id.* Prior to making this determination, the Court finds that it is appropriate to receive input from the Government and counsel for Defendant.

Accordingly, the Court **ORDERS** that this matter shall now proceed under the Standard

Procedure. The Court **DIRECTS** the Federal Public Defender to undertake the representation of Defendant or seek the appointment of counsel. The Court further **ORDERS** the United States and Defendant to file written memoranda addressing the proper method to calculate Defendant's sentence reduction no later than **14 days** from the date of this Order.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:      December 1, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE