**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                            CRIMINAL ACTION NO.     6:12-cr-00174-02

SAMUEL SHAE WHITE,

                Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is the determination pursuant to 18 U.S.C. § 3582(c)(2) as to whether Defendant is entitled to a sentence reduction based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1. The guideline reduction was given retroactive effect. Pursuant to the Court's order entered on May 12, 2015 (the "Order"), this case was designated for Expedited consideration. (ECF No. 160.) However, the Court subsequently changed this matter to the Standard Procedure to receive input from the parties regarding "the proper method to calculate Defendant's sentence reduction." (ECF No. 162 at 2–3.)

The Court has received an addendum to Defendant's Presentence Investigation Report, in which the Probation Office states that (1) Defendant appears to be eligible for consideration of a sentence reduction; and (2) the revised Guidelines imprisonment range is 84 to 105 months. The

Court also received the United States' Response to Court Order Regarding 18 U.S.C. § 3582(c)(2), in which the United States notes that it has no objections to (1) "the Probation Office's conclusion that [Defendant] is eligible for a reduced sentence based on the application of the November 1, 2014 . . . amendments to the United States Sentencing Guidelines;" or (2) the Probation Office's "recalculated range of imprisonment under the United States Sentencing Guidelines." (ECF No. 161.) Finally, the Court has also received the original Presentence Investigation Report (the "PSR"), (ECF No. 125), the Judgment and Commitment Order, (ECF No. 123), the Court's Statement of Reasons, (ECF No. 124), and Defendant's plea agreement, (ECF No. 89).

The Court finds that Defendant is entitled to a reduction in his sentence based on the November 1, 2014 amendments to the Guidelines. The Court must therefore determine the appropriate reduction.

In the PSR, the probation officer recommended that the Court find that 68.23 grams of cocaine base were attributable to Defendant for purposes of sentencing. (ECF No. 125 ¶ 18.) The probation officer then recommended that the Court find that this drug quantity resulted in a base offense level of 26. (ECF No. 125 ¶ 23.) The probation officer further recommended that the Court apply (1) a two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1), (*id.* ¶ 24); (2) a two-level enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12), (*id.* ¶ 25); and (3) a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), (*id.* ¶¶ 31–32). Finally, the probation officer recommended that the Court find that Defendant had a total offense level of 27 and a criminal history category of IV, (*id.* ¶¶ 33 & 40), which corresponded to a Guidelines imprisonment range of 100 to 125 months, (*id.* ¶ 63).

Prior to the May 20, 2013 sentencing hearing, the Government filed a Motion for Substantial Assistance (the "5K Motion"), in which it "move[d] the Court to depart in the sentencing of [Defendant] in the above-styled action pursuant to Guideline Section 5K1.1." (ECF No. 114.) During the sentencing hearing, the Court adopted the PSR, including the above recommendations regarding the appropriate Guidelines analysis. (*See, e.g.*, ECF No. 121.) The Court also granted the 5K Motion and found that Defendant was entitled to a downward departure equivalent to four offense levels—*i.e.*, the equivalent to a final total offense level of 23. (*See id.*) The Court found that a total offense level of 23 and criminal history category of IV resulted in an imprisonment range of 70 to 87 months. (*See id.*) The Court then sentenced Defendant at the bottom of this range—70 months of imprisonment. (*See, e.g.*, ECF No. 123 at 2.)

Turning to the instant resentencing analysis, "§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation." *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) (citations omitted). "Where a defendant's sentence was within the guideline range applicable at the time of the original sentencing, 18 U.S.C. § 3582(c)(2) precludes a downward departure below the amended guideline range." *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010) (citation omitted). "On the other hand, where the original sentence falls below the original guideline range, § 3582(c)(2) does not preclude a downward departure below the amended guideline range." *Id.* In particular, the Guidelines provide the following statement regarding a departure during resentencing where the defendant received a reduction pursuant to U.S.S.G. § 5K1.1 at the time of sentencing:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of

3

> sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (2014). To determine what constitutes a reduction that is "comparably less than the amended guideline range," the Court "may use a lower offense category, a percentage, . . . a flat number of months, . . . . or any other reasonable method that results in a comparable reduction." *Fennell*, 592 F.3d at 509; *see also United States v. Woodson*, 433 F. App'x 191, 193 (4th Cir. 2011) ("The determination of a 'comparably lower' sentence may be determined by using a lower offense category, a percentage, a flat number of months to calculate the reduction, or any other reasonable method." (citation omitted)).

In this case, based on an attributable quantity of 68.23 grams of cocaine base, Defendant's revised base offense level is 24. U.S.S.G. § 2D1.1(c)(8) (2014). Defendant's revised adjusted offense level is 28 following the enhancements under U.S.S.G. §§ 2D1.1(b)(1) and (b)(12). Following a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Defendant's revised total offense level is 25. A total offense level of 25 and criminal history category of IV corresponds to a revised Guidelines imprisonment range of 84 to 105 months. U.S.S.G. ch. 5, pt. A (2014).

Next, the Court must identify a sentence that is "comparably less" than the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(B) (2014). The Court finds that Defendant's sentence lends itself to a reduction based on one of three approaches: (1) a reduction based on a lower offense level; (2) a percentage reduction; or (3) a reduction based on a flat number of months. *Cf. Fennell*, 592 F.3d at 509 (providing a district court's non-exclusive options to determine a comparably lower sentence for a defendant who received a downward departure pursuant to

4

U.S.S.G. § 5K1.1 at their original sentencing). However, the Court notes that these three approaches yield different results.

Under the offense-level approach, the Court granted a downward departure from Defendant's original offense level of 27 by the equivalent of four levels, resulting in a final total offense level of 23. (*See, e.g.*, ECF No. 121.) Following the 2014 amendments, Defendant's revised pre-5K Motion total offense level is 25 and his revised post-5K Motion total offense level is 21. A total offense level of 21 and criminal history category of IV corresponds to a Guidelines imprisonment range of 57 to 71 months. U.S.S.G. ch. 5, pt. A (2014). As the Court sentenced Defendant at the bottom of his Guidelines range, the appropriate reduction under the offense-level approach would be to a total term of imprisonment of 57 months.

Under the percentage analysis, Defendant's original pre-5K Motion Guidelines imprisonment range was 100 to 125 months, (ECF No. 125 ¶ 63), while his post-5K Motion Guidelines imprisonment range was 70 to 87 months, (ECF No. 121). The Court then sentenced Defendant at the bottom of this latter range—70 months. (*See, e.g.*, ECF No. 123 at 2.) The percentage difference between the bottom of the pre-5K Motion range (100 months) and the post-5K Motion imprisonment range (70 months) is 30%. A thirty percent reduction from the bottom of the revised Guidelines imprisonment range (84 months) results in a total revised sentence of imprisonment of 58.8 months.[1]

Finally, under the approach that determines the reduction based on a flat number of months, Defendant's original pre-5K Motion Guidelines range was 100 to 125 months, (ECF No. 125 ¶

---

[1] As the Court intends to give this and other similarly situated defendants the full benefit of the math—rounding to the lowest whole number of months—the Court would treat this revised sentence under the percentage approach as 58 months.

5

63), and his post-5K Motion range was 70 to 87 months, (ECF No. 121). The Court then sentenced Defendant to a term of imprisonment of 70 months, which was at the bottom of the post-5K Motion Guidelines range. (*See, e.g.*, ECF No. 123 at 2.) The difference between the bottom of the pre-5K Motion range and the post-5K range was 30 months.

As discussed above, Defendant's revised pre-5K Motion Guidelines imprisonment range is 84 to 105 months following the 2014 amendments to the Guidelines. Reducing the bottom of this range (84 months) by the same flat number of months as the initial downward departure based on the 5K Motion (30 months) results in a total revised sentence of 54 months.

Thus, these three approaches yield the following different revised sentences: (1) 57 months under the offense-level approach; (2) 58.8 months under the percentage approach; and (3) 54 months under the flat-reduction approach. As any of these approaches is permissible in resentencing Defendant to a comparably lower sentence under the amended Guidelines imprisonment range, *see Fennell*, 592 F.3d at 509, the Court finds that it is proper to apply the rule of lenity and follow the approach that yields the lowest revised sentence of imprisonment,[2] *see, e.g.*, *United States v. Munn*, 595 F.3d 183, 194 (2010) (noting that if a Guidelines provision is "rendered ambiguous" by an amendment, the court "would be *obliged* to apply the rule of lenity and resolve the conflict in the defendant's favor"); *United States v. Oetken*, 241 F.3d 1057, 1060 (8th Cir. 2001) ("Where there are two plausible readings of a guideline provision, we apply the rule of lenity and give the defendant the benefit of the reading that results in the shorter sentence." (citation omitted)). *See generally United States v. Cutler*, 36 F.3d 406, 408 (4th Cir. 1994) ("[T]he

---

[2] The Court notes that both the Government and Defendant propose a sentence reduction to 57 months. (ECF No. 163 at 2; ECF No. 164 at 3.) However, applying the rule of lenity, the Court finds it appropriate to use the sentence-reduction method that is most beneficial to Defendant. In this case, that is the flat-reduction approach, which yields a sentence reduction to 54 months.

6

rule [of lenity] may be applied in the context of the Sentencing Guidelines, [but] it 'is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure' of a statute." (quoting *Chapman v. United States*, 500 U.S. 453, 463 (1991))). As such, the Court shall follow the approach that determines Defendant's sentence reduction based on a flat number of months. The Court therefore finds that, following the 2014 amendments to the United States Sentencing Guidelines, Defendant's revised sentence of imprisonment is 54 months.

Accordingly, the Court **FINDS** that Defendant is entitled to a sentence reduction based on the November 1, 2014 amendments to the United States Sentencing Guidelines. The Court **ORDERS** that Defendant's previous sentence of imprisonment be reduced from a period of 70 months to a period of **54 months**, with credit for time served to date. This Memorandum Opinion and Judgment Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

ENTER:      December 22, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE